LATEEK SHABAZZ
2024ADV287392
JUDGE LAURA J GALLAGHER

PROBATE COURT
F I L E D
MAR 12 2024
CUYAHOGA COUNTY, O.

IN THE COURT OF COMMON PLEAS
PROBATE DIVISION
CUYAHOGA COUNTY, OHIO

PROBATE COURT
COST PAID
MAR 12 2024
C. WEBER
CASHIER

| | | |
|---|---|---|
| LATEEK SHABAZZ, | ) | Case No. |
| Plaintiff, | ) | |
| | ) | JUDGE: |
| -vs- | | |
| | ) | |
| BRANDON KING, MAYOR OF THE CITY OF EAST CLEVELAND, | ) | COMPLAINT FOR REMOVAL OF MUNICIPAL OFFICER |
| | ) | |
| Defendant. | ) | JURY DEMAND ENDORSED HEREON |

NOW COMES plaintiff LATEEK SHABAZZ, and, pursuant to Ohio Revised Code 733.72 through 733.76, hereby avers as follows:

1. Plaintiff LATEEK SHABAZZ is a resident and elector of the municipal corporation of the City of East Cleveland, State of Ohio.

2. Defendant Brandon King is the duly elected mayor and an officer of the City of East Cleveland.

3. During his terms in office, defendant Mayor King has committed the following acts of misfeasance and/or malfeasance, requiring his removal from office:






PDF PDJ

**I. MISFEASANCE/MALFEASANCE REGARDING RESIDENCY ISSUES AND USE OF PUBLIC FUNDS TO PAY PRIVATE ATTORNEYS FOR THE BENEFIT OF MAYOR KING'S FAMILY**

4. Mayor King's mother and other relatives have been registering to vote at a house in East Cleveland that is owned by Mayor King, and they have actually voted from that address for years. Mayor King has been aware that his mother and other relatives were committing criminal violations by falsely claiming residency in East Cleveland for voting purposes, he has been aware that his mother and other relatives were voting fraudulently in East Cleveland when they did not live in East Cleveland, and Mayor King has failed to take any steps, over the course of his entire term as mayor, to rectify the situation, in order to benefit himself and his relatives.

5. Mayor King is aware that the home that he and his family owned, in which he purportedly resided, was uninhabitable and in violation of numerous East Cleveland housing violations and has not only failed to rectify the housing violations, but he has taken action to quash housing code violations that were issued against his property.

6. In May, 2023, Mayor King's mother and brothers' voter registration eligibility was challenged and a hearing was held before the Cuyahoga County Board of Elections, which upheld the challenges and nullified the voter registrations of Mayor King's mother and brothers. Mayor King authorized the payment of City of East Cleveland funds to pay for private attorneys to represent Mayor King's mother and brothers in the matter before the Cuyahoga County Board of Elections, which constitutes having an unlawful interest in a public contract, in violation of East Cleveland Ordinances 525.10 (1st degree misdemeanor), 525.11, Soliciting or Receiving Improper Compensation (1st degree misdemeanor and disqualification from holding public office for seven years), and 525.12, Dereliction of Duty (2nd degree misdemeanor).

**II. MISFEASANCE/MALFEASANCE REGARDING FINANCIAL MATTERS**

7. Mayor King has failed to deliver the 2024 Alternative Tax Budget to the Cuyahoga County Budget Commission by July 15, 2023, as required by Ohio Revised Code Section 5705.28. The delivery of the Alternative Tax Budget to the Cuyahoga County Budget Commission by a date certain is a necessary step in the procedure for City Council approving an annual budget.

8. As a consequence of Mayor King's failure to deliver a 2024 Alternative Tax Budget to the Cuyahoga County Budget Commission by July 15, 2023, Mayor King failed to deliver to East Cleveland City Council a 2024 Certificate of Estimated Resources by November 15, 2023, as required by Section 60 of the East Cleveland Charter, without which City Council could not prepare a 2024 appropriations ordinance to fund the municipal government. As of the date of the filing of this Complaint, the City of East Cleveland still does not have a 2024 appropriations ordinance that is based on a legislatively-approved Certificate of Estimated Resources.

9. The City of East Cleveland has been in a state of fiscal emergency since 2012. One of the legal requirements for cities in a state of fiscal emergency is for the mayor to prepare an annual financial plan which is to be delivered to the State Auditor's Financial Planning and Supervision Commission, which oversees the City of East Cleveland's finances. For the last two years, Mayor King has failed to deliver an approved financial plan to the Commission, in violation of O.R.C. 118.06.

10. Mayor King has failed to submit to City Council and the public a monthly financial balance sheet showing in detail all receipts and expenditures of the city for the preceding month, in violation of Section 67 the East Cleveland Charter.

11. On May 5, 2023, Mayor King authorized a temporary payroll clerk to write and sign a $2 million check to Cleveland Metroparks, knowing that the temporary payroll clerk was not lawfully authorized to write or sign such a check because the payroll clerk was not the duly-appointed Director of Finance; was not properly trained and certified as a fiscal officer by the Ohio Auditor of State; was not bonded as a fiscal officer; and the check was written without City Council's approval, all in violation of Sections 92 and 110 of the East Cleveland Charter and state law.

12. Mayor King exceeded the authority of his office in 2023 by vetoing a budget passed by City Council and then penciling in his own line items, re-appropriating funds without the required approval of City Council, in violation of Section 113(E) of the East Cleveland Charter and Ohio Revised Code Section 731.27.

13. Mayor King failed to require the City's fiscal officer to obtain an oath of office or a bond approved by Council, in violation of Section 92 of the East Cleveland Charter.

14. In November, 2023, Mayor King received $3000 in gift cards in $20 increments as a gift from a private worker's compensation vendor. Instead of refusing the gift or reporting the gift to Council in order for the gift to be appropriated and used for the benefit of East Cleveland residents, Mayor King distributed the gift cards to individuals of his choosing days before voters went to the polls to vote on whether to recall Mayor King, in violation of Section 111 of the East Cleveland Charter, East Cleveland Ordinance 525.11, Soliciting or Receiving Improper Compensation (1st degree misdemeanor) and of state ethics laws. The gift cards were not made available to the public.

**III. MISFEASANCE/ MALFEASANCE REGARDING THE LAW DEPARTMENT AND THE POLIC DEPARTMENT**

15. In 2021, Mayor King used his office, the Police Department and the Law Department to bring false criminal charges against East Cleveland resident William Fambrough, a supporter of Juanita Gowdy, who at the time was running against Mayor King for mayor. Mr. Fambrough pleaded No Contest to a reduced charge of Disorderly Conduct and was fined $5.00 plus court costs, but is now suing the City of East Cleveland in federal court for damages.

16. In 2021, Mayor King used his office, and the Law Department, to bring false criminal assault charges against Twon Billings, his political rival. Mayor King falsely accused Mr. Billings of assaulting him during a verbal altercation between Mayor King and Mr. Billings after a campaign debate during the mayoral race in 2021, in which Mr. Billings was a candidate running against Mayor King for mayor. Despite video evidence clearly showing that Mayor King had actually made physical contact with Mr. Billings, Mayor King instructed and/or permitted his Law Director and Assistant Law Director to bring criminal charges against Mr. Billings and to continue to prosecute Mr. Billings for more than a year. In 2022, Mr. Billings was acquitted at trial.

17. In 2023, Mayor King used his office and the Law Department to bring false criminal charges against the Clerk of Council and a sitting City Councilman without probable cause; bypassing law enforcement investigation to file charges in the form of a "prosecutor's warrant," in which Mayor King swore out a criminal complaint against the Clerk of Council and a sitting City Councilmember for removing notices from a City Council bulletin board in East Cleveland City Hall of Council meetings Mayor King had unlawfully posted. The criminal charges are still

pending, but the Law Director and Assistant Law Director, who are prosecuting the case, have indicated to the trial judge that they have a known conflict of interest and must assign the case to outside counsel for prosecution. The Law Director and Assistant Law Director knew or should have known prior to filing the charges that they had a conflict of interest, since the defendants were current clients of the Law Director's, yet, at the instruction of Mayor King, they filed the charges anyway and oversaw the early stages of the prosecution.

18. The current criminal case against the Clerk of Council and a sitting Councilmember is part of a pattern by Mayor King and the Law Director of bringing criminal cases against the Mayor's political rivals, including City Councilmembers and/or City Council employees.

19. Mayor King has permitted the Law Director to use her office and official capacity and City of East Cleveland funds to pursue a lawsuit filed by the Law Director for alleged personal torts against the Law Director.

20. Mayor King has permitted the Law Director to use her office and official capacity and City of East Cleveland funds to defend a lawsuit filed against the Law Director by a private citizen for actions allegedly taken by the Law Director in her personal capacity.

21. Mayor King has permitted the Law Director to produce and publish legal opinions that are supposed to be authorized solely by City Council and which are to be confidential absent permission of City Council, pursuant to Section 8(d) of City Council's Rules of Procedure. Once these legal opinions were unlawfully created and distributed without City Council approval, Mayor King and the Law Director treated the legal opinions as binding legal precedent.

22. Mayor King has permitted the Law Director to improperly become directly involved in two different recall elections; the first one, in February, 2023, in which the Law Director

purported to act as Clerk of Council in order to certify signatures on recall petitions brought by East Cleveland residents to recall three sitting Councilmembers, and in which the Law Director appeared before the Cuyahoga County Board of Elections purporting to be the Clerk of Council; the second of which, in February, 2024, in which the Law Director wrote and notarized the affidavits that two private citizens used to initiate a recall against two sitting Councilmembers. The Law Director's involvement, at the explicit or implicit direction and/or encouragement of Mayor King, constituted a blatant conflict of interest in that the Law Director was representing citizens against her own clients.

23. Mayor King improperly permitted the Law Director to represent two citizens in the Ohio Eighth District Court of Appeals in a quo warranto action challenging City Council's selection of two Councilmembers.The Law Director was eventually disqualified from representing the two private citizens by the Court of Appeals.

24. Mayor King permitted the Law Director to represent these same two private citizens in the defense of a lawsuit in the Cuyahoga County Common Pleas Court which sought injunctive relief to prevent these two citizens from acting as though they were Councilmembers during Council meetings.

25. In late 2022 and early 2023, Mayor King and the Law Director refused to acknowledge City Council's selection of two City Councilmembers, City Council's selection of a City Council President and the City Council's selection of a Clerk of Council despite these selections being solely within the authority of City Council. This refusal to acknowledge City Council's selection of Councilmembers, a Council President and Clerk of Council is part of a pattern by Mayor King of meddling in City Council's internal affairs, which includes using the

Law Department to write and disseminate unlawful legal opinions supporting Mayor King's meddling and then treating those unlawful legal opinions as law.

26. Mayor King created and signed fraudulent legislation using the purported votes of the two private citizens who were acting as though they were Councilmembers and submitting said fraudulent legislation to outside governmental entities, including the Ohio Environmental Protection Agency and the Cuyahoga County Board of Elections.

27. In one such instance, on April 18, 2023, Mayor King signed a document purporting to be official legislation that was signed by Korean Stevenson as President of City Council, when Mayor King knew that on March 6, 2023, Juanita Gowdy had been elected President of City Council; by two private citizens whom Mayor King claimed were members of City Council; and by a part-time employee who purported to the Clerk of City Council This purported legislation, Resolution No. 32-23, was submitted to the Ohio EPA as if it had been approved by City Council when in fact, it had not been approved by City Council.

28. Mayor King authorized payment of salaries to two private citizens who claimed to be City Councilmembers and the payment of salary to another Councilmember who Mayor King claimed was the legitimate Council President; correspondingly refusing to authorize payment to the two legitimate Councilmembers and the legitimate Council President.

29. Mayor King refused to authorize payment of salaries to the duly-appointed Clerk of Council and Deputy Clerk of Council for a period of nine months.

30. Mayor King refused to authorize payment to the Clerk of Council, Deputy Clerk of Council, the two legitimate Councilmembers and the legitimate Council President even after the Eighth District Court of Appeals determined, in December, 2023, that the two Councilmembers

and the Council President were indeed the legitimate Councilmembers and President who had authority to appoint the Clerk of Council and Deputy Clerk of Council.

31. Mayor King permitted the Law Director to sign and disseminate a legal opinion (despite Council rules that prohibit the Law Director from writing and/or disseminating legal opinions without Council approval) which not only opined that Juanita Gowdy was not the duly-selected President of Council and that Eric Brewer was not the duly-selected Clerk of Council, but treated that legal opinion as if it was the law of East Cleveland, when in fact, at the time of the dissemination of the legal opinion, the question of whether Juanita Gowdy was the President of Council and Eric Brewer was the Clerk of Council had not been definitively determined by the Eighth District Court of Appeals (which eventually ruled that Mayor King and the Law Director were incorrect in their determinations as to who the Councilmembers, Council President and Clerk of Council were).

32. Mayor King permitted the Law Director to represent the City of East Cleveland without a properly-executed contract, without a properly-executed oath of office, and without proper malpractice insurance.

33. Mayor King has authorized the hiring and retention, with City of East Cleveland funds, of private attorneys to represent his relatives in the voter registration challenge before the Cuyahoga County Board of Elections; of private attorneys to represent two private citizens in a quo warranto action before the Eighth District Court of Appeals which challenged two sitting Councilmenbers' authority to sit as Councilmembers; and of private attorneys to advise private citizens on procedures to recall two sitting Councilmembers.

## IV. MISFEASANCE/MALFEASANCE REGARDING UNAUTHORIZED PURCHASES

34. Mayor King has repeatedly refused to seek City Council approval for purchases and contracts, even though Section 72 of the East Cleveland Charter requires Council approval of any purchases over $2500 (the Charter leaves open the possibility that larger purchases could be made without Council approval if state law allows, but there are no provisions of state law which allow any such larger purchases).

35. Between 2018 and 2022, Mayor King provided then-Councilmember Ernest Smith with as many as four City-owned vehicles, which Mr. Smith used for his personal use at City expense. Mayor King also provided or permitted the use of a City-owned fuel credit card at City expense. The use of a City-owned vehicle and a City-owned fuel credit card is not permitted for City Councilmembers and Mayor King did not seek or obtain City Council's approval, nor did he make the use of a City-owned vehicle or a City-owned fuel credit card available to any other City Councilmember, all in violation of East Cleveland Ordinances 127.08, (City Motor Vehicles; Personal Use Prohibited; Parking Restrictions), 525.11 (Dereliction of Duty, 2nd degree misdemeanor) and 525.12 (Soliciting or Receiving Improper Compensation, 1st degree misdemeanor and disqualification from holding public office for seven years).

## V. MISFEASANCE/MALFEASANCE REGARDING TOWING AND IMPOUND LOT

36. Mayor King has awarded no-bid contracts, without City Council approval, to a private towing company to tow vehicles, allowing the towing company, in some cases, to tow residents' cars from private property. For several years, the procedure was that the East Cleveland Police Department would call the towing company and authorize a car to be towed;

the towing company would tow the car to the East Cleveland Impound Lot; the towing company would bill the City of East Cleveland for towing services, and the City would pay the invoice. The City would then charge the owner of the vehicle for towing and storage and pay the towing company for the cost of the tow. In 2022, the City of East Cleveland stopped paying the private towing company's invoices, while still collecting the towing charges from the owners of the vehicles. Despite numerous demands by the towing company, the City of East Cleveland, as authorized by Mayor King, has failed to pay the outstanding invoice of the towing company, totaling more than $156,000.

## VI. MISFEASANCE/MALFEASANCE REGARDING CONFLICTS OF INTEREST/PERSONAL ENRICHMENT

37. Mayor King has authorized the City of East Cleveland to enter into public contracts with King Management Group and American Merchandising Inc., business entities in which he has a financial interest, all in violation of Section 75 of the East Cleveland Charter, East Cleveland Ordinance 525.10 (Unlawful Interest in a Public Contract, a felony if prosecuted under state law and a 1st degree misdemeanor if prosecuted under East Cleveland law), and ethics provisions, and without City Council approval. Through King Property Management, Mayor King leases office space to the East Cleveland Municipal Court, despite Mayor King having been warned by the Ohio Ethics Commission in 2016 that it was illegal for the City to enter into contracts with companies owned by Mayor King.

38. In the summer of 2023, Mayor King was caught on videotape drinking alcohol and smoking cigars on City of East Cleveland property with City employees and vendors, in violation

of City of East Cleveland Ordinance 525.12 (Dereliction of Duty, 2nd degree misdemeanor) and the City of East Cleveland employee handbook. The videotape of Mayor King smoking cigars and drinking alcohol was played on local media outlets, after which Mayor King issued a public statement which said that if he wanted to smoke and drink on City property, "no policy or media outlet is going to stop me."

## VII. GENERAL MISFEASANCE/MALFEASANCE, FAILURE TO PERFORM DUTIES

39. In July, 2022, a vacancy occurred in the East Cleveland Civil Service Commission, which the mayor is required by Ohio Revised Code Section 124.40 to fill within sixty (60) days. Mayor King failed to fill that vacancy for more than one year, but permitted the incomplete Civil Service Commission to meet until the State Personnel Board of Review, upon the filing of a complaint, ordered Mayor King to fill the vacancy.

40. Mayor King has allowed City Hall to fall into disrepair to the extent that the public and East Cleveland employees are in danger.

41. Mayor King has failed to maintain the City's web site, allowing incorrect and outdated information to appear on the web site while making no effort to correct the incorrect and/or outdated information.

42. In 2021, Mayor King involved the City of East Cleveland in a scheme allegedly perpetrated by two former East Cleveland residents who posed as wealthy members of a royal family of the United Arab Emirates in order to defraud two foreign investors out of $10 million. The two former East Cleveland residents, who are currently under federal indictment for more than twenty (20) counts of wire fraud, money laundering, theft of government funds and

harboring a fugitive, participated in a "signing ceremony" of a contract that turned out to be fraudulent, at East Cleveland City Hall, with Mayor King, Law Director Willa Hemmons, Mayoral Chief of Staff Michael Smedley and others.

43. Mayor King allegedly subsequently gave one of the former East Cleveland residents the title of East Cleveland's "International Economic Development Advisor to the Mayor" and gave this former resident the authority to represent the City of East Cleveland in various as-yet-unknown business ventures, all without notifying or seeking authority from City Council, in violation of Section 110 of the East Cleveland Charter.

44. Mayor King has repeatedly refused to order his department chairmen to attend City Council meetings and to make the department chairmen available for Council questions, despite Section 113(d) of the East Cleveland Charter provision that requires it.

45. Mayor King has ordered his police chief and/or the chief's designee not to enforce local ordinances and charter provisions that require the police to enforce decorum at City Council meetings, in violation of Section 113 of the East Cleveland Charter.

46. In addition to each of the counts listed above constituting acts of misfeasance and malfeasance pursuant to O.R.C. 733.72 through 733.77, each of the counts listed above also constitute violations of East Cleveland Ordinance 525.12, Dereliction of Duty, which, if criminally prosecuted, would constitute 2nd degree misdemeanors.

47. As is demonstrated by the incidents and facts cited above, defendant Mayor King is guilty of misfeasance and malfeasance in office.

WHEREFORE, pursuant to R.C. 733.72 through 733.77, Plaintiff respectfully requests that this Court issue a citation to Defendant for his appearance within ten (10) days of the filing

of this Complaint; that this Court empanel a jury and schedule a trial within ten (10) days of Defendant's appearance; that this Court assign the Cuyahoga County Prosecutor's office or another competent attorney as Special Counsel to prosecute plaintiff's claims against Mayor King, given the obvious conflict of interest of the City of East Cleveland Law Director; that this Court order Defendant removed from his office forthwith upon a finding of guilty; that this Court charge all costs and expenses of this action against Defendant; and that this Court grant such other relief as this Court finds just and proper.

Respectfully submitted,

/s/Kenneth D. Myers
KENNETH D. MYERS [0053655]
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131
(216) 241-3900
(440) 498-8239 Fax
Kdmy@aol.com

Counsel for plaintiff

JURY DEMAND

Plaintiffs hereby demand a trial by jury.

/s/Kenneth D. Myers
KENNETH D. MYERS

Counsel for plaintiff

LATEEK SHABAZZ

SWORN TO and subscribed in my presence on this 11th day of March, 2024.

Notary Public

Kenneth D Myers, Attorney
Notary Public-State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

LATEEK SHABAZZ
2024ADV287392
JUDGE LAURA J GALLAGHER

PROBATE COURT
FILED
MAR 13 2024
CUYAHOGA COUNTY, O.

PRAECIPE FOR SERVICE

To the Clerk:

Please personally serve a copy of the Complaint, pursuant to O.R.C. 733.77 upon the following at the addresses below:

Brandon King, Mayor of the City of East Cleveland
14340 Euclid Avenue
East Cleveland, OH 44112

Willa Hemmons, Esq., Law Director, City of East Cleveland
14340 Euclid Ave.
East Cleveland, OH 44112

Michael O'Malley, Esq., Cuyahoga County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, OH 44113

/s/Kenneth D. Myers
KENNETH D. MYERS

Counsel for Plaintiff

COMPLAINT FOR REMOVAL AND FORFEITURE OF OFFICE OF BRANDON KING AS ELECTED MAYOR OF THE CITY OF EAST CLEVELAND, OHIO.

| Name and Address E. Cleve 44112 | Signature | Date |
|---|---|---|
| Tracy Walls 1978 Nelawood Rd | Tracy Walls | 3/10/24 |
| Dawn Jones 1740-1742 LAKEFRONT AVE, EC OH 44112 | [signature] | 3/10/2024 |
| Justyn Anderson 1865 Rosalind Ave E. Cleveland, OH 44112 | Justyn | 3/10/2024 |
| Gloria Bryant-Lewis 1378 Shawview E. Cleve, OHIO | Gloria Lewis | 3/10/24 |
| | | |
| | | |

The circulator who obtained the above signatures certifies with his/her signature that the Complaint was attached to this signature page at all times during his/her circulation, and that each person who signed the Complaint was given an opportunity to read it before signing this page.

[signature]
Signature of Circulator - Dawn Jones