IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATEEK SHABAZZ, | Case No. 1:24-cv-00488 |
| Plaintiff, | |
| | Judge Dan Aaron Polster |
| v. | |
| | OPINION & ORDER |
| BRANDON KING, MAYOR OF THE CITY OF EAST CLEVELAND, | |
| Defendant. | |

Before the Court are Defendant Mayor Brandon King's ("Mayor King") two motions for reconsideration. ECF Docs. 9, 10. On March 15, 2024, Defendant removed this case from Cuyahoga County Court of Common Pleas to this Court, reciting that this Court has original jurisdiction over Plaintiff's federal claims. ECF Doc. 2, PageID# 46. On March 19, 2020, the Court *sua sponte* remanded the case to state court for lack of subject matter jurisdiction because there were no federal claims in Plaintiff Lateek Shabazz's ("Mr. Shabazz") complaint. ECF Doc. 7. The same day, Defendant a filed a motion for reconsideration of remand with a corrected notice of removal. ECF Doc. 9. Later that same day, Defendant filed a second motion for reconsideration, entitled corrected motion for reconsideration of remand with a corrected notice of removal and attachments. ECF Doc. 10. In both motions, captioned King v. Shabazz, Mayor King requests that the Court "reverse" its Order of Remand, dated March 19, 2024, and "reinstate this case to the federal docket." ECF Docs. 9, PageID# 117; 10, PageID# 121. Mayor King appears to argue that the Court erred in remanding this case to state court because there exists an entirely separate case, where Mayor King is the plaintiff and Mr. Shabazz is the named defendant, in which Mayor King asserts federal claims. ECF Doc 10, PageID#120. Mayor King

1

again incorrectly states that Shabazz's "was also brought pursuant to 8 U.S.C. §§ 1983, 1985 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees." *Id.*

For the following reasons, the Court <u>DENIES</u> Defendants' motions. First, as the Court previously held, Shabazz's complaint contains no federal claims. Second, despite Mayor Kings's repeated averments, the Court could not find any such pending case before the Cuyahoga County Court of Common Pleas or the Northern District of Ohio. Mayor King did not reference the case number nor attach the state complaint to any of his filings. Simply put, the case does not exist. Third, even if it did, it is well established that Mayor King—as the plaintiff—could not remove the case. The plain language of 28 U.S.C. § 1441(a) permits only defendants, not plaintiffs to remove an act to federal court. 28 U.S.C. § 1441(a) (" . . . any civil action brough in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants . . . .*") (emphasis added). Additionally, it is equally well established that federal courts have uniformly ruled that removal is only available to a defendant or defendants.

> Courts have consistently interpreted 28 U.S.C. § 1441 as allowing only defendants—and not plaintiffs—to remove an action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) ("We can find no basis for saying that Congress, by omitting from the present statute all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others."); *Russell v. Caruso*, No. 1:07-cv-662, 2007 U.S. Dist. LEXIS 80237, 2007 WL 3232126, at *4 (W.D. Mich. Oct. 30, 2007) ("There are no provisions allowing for a plaintiff to seek removal of a civil action . . . ."); *Yonkers Racing Corp. v. Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a **plaintiff cannot remove**."); *FIA Card Servs., N.A. v. Gachiengu*, No. H-07-2382, 2008 U.S. Dist. LEXIS 8281, 2008 WL 336300, at *1 (S.D. Tex. Feb. 5, 2008) ("The federal statute governing removal only authorizes removal by state court defendants. . . . As a general rule, it is improper for plaintiffs to remove a case to federal court.").

*Woods v. Rosenwald*, No. 1:19cv333, 2020 U.S. Dist. LEXIS 55368, at *4 (S.D. Ohio Mar. 30, 2020).  Fourth, under 28 U.S.C. § 1447(d), "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  The two statutory exceptions to this rule are "if either § 1442 or § 1443 was invoked in the underlying notice of removal." *Singer v. Montefiore*, 2022 U.S. App. LEXIS 32132, at *6 (6th Cir. Nov. 21, 2022) (citing *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1536-37 (2021) ("The Supreme Court has clarified that if either § 1442 or § 1443 was invoked in the underlying notice of removal, a remand order is reviewable in its entirety on appeal.").  In the instant case, Mayor King did not cite to either provision.  Therefore, the Court's remand order stands.

For the foregoing reasons, the Defendant's motions for reconsideration are <u>DENIED</u>.  Mayor King and his Counsel have wasted this Court's time with an improper removal action and two frivolous motions for reconsideration.  The Court will order an in-person show-cause hearing for Mayor King and Counsel of record if there are any additional matters filed.

IT IS SO ORDERED.

Date: March 21, 2024

<u>/s/ Dan Aaron Polster</u>
Dan Aaron Polster
United States District Judge
